# EXHIBIT 1

FILED: NASSAU COUNTY CLERK 05/26/2020 12:26 PM        INDEX NO. 604688/2020
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 05/26/2020
Case 2:20-cv-02762-JMA-AKT   Document 1-1   Filed 06/22/20   Page 2 of 18 PageID #: 7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU: COMMERCIAL DIVISION

---

PENNY NINIVAGGI, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

UNIVERSITY OF DELAWARE,

                Defendant.

Index No.:

**SUMMONS**

Plaintiff designates NASSAU COUNTY as the place of trial

The basis of venue is: RESIDENCE OF PLAINTIFF

---

To the above-named Defendant:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney within twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: May 26, 2020
       New York, New York

**BURSOR & FISHER, P.A.**

By:    */s/ Joshua D. Arisohn*
        Joshua D. Arisohn

Joshua D. Arisohn
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com

*Attorney for Plaintiff*

FILED: NASSAU COUNTY CLERK 05/26/2020 12:26 PM
NYSCEF DOC. NO. 1
INDEX NO. 604688/2020
RECEIVED NYSCEF: 05/26/2020
Case 2:20-cv-02762-JMA-AKT Document 1-1 Filed 06/22/20 Page 3 of 18 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU: COMMERCIAL DIVISION

| | |
|---|---|
| PENNY NINIVAGGI, individually and on behalf of all others similarly situated,<br><br>                      Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF DELAWARE,<br><br>                      Defendant. | Index No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

      Plaintiff Penny Ninivaggi ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant University of Delaware ("UD" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

      1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at UD and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

      2.      With approximately 18,500 undergraduate and 4,500 graduate students, UD is the largest university in Delaware. UD offers 148 bachelor's programs, 121 master's programs (with 13 joint degrees) and 55 doctoral programs across its eight colleges.

      3.      On March 11, UD announced that it was suspending classes for the next two days in the run up to spring break and that the school would transition all instruction to online learning

for the rest of the semester. Online learning was initially planned to begin on March 23, 2020, but was later pushed back to March 30, 2020.

4. As such, UD has not held in-person classes since March 11, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

5. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. The online learning options being offered to UD students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

6. Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless improperly retained funds for services it is not providing.

7. Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online, and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

8. Plaintiff Penny Ninivaggi is a citizen of New York who resides in Merrick, New York. Ms. Ninivaggi is the parent of Michael Ninivaggi, an undergraduate student at UD pursuing a Bachelor's Degree in Accounting and Finance. The Accounting and Finance majors

at UD rely extensively on in-person instruction, peer collaboration, and access to UD's facilities. For the spring semester, UD charged Ms. Ninivaggi $17,080 in tuition, a $750 differential for the Business and Economics Program, $227 for a Student Health Service Fee, $429 for a Comprehensive Student Fee and $119 for a Student Center Fee. Ms Ninivaggi paid UD approximately $5,824.48 of these costs out of pocket. Ms. Ninavaggi and her son Michael also jointly took out a loan of approximately $9,400 to pay for the spring semester. The remainder of the tuition and fees for the spring semester were covered by a Federal Pell Grant and a Federal DL Subsidized Loan. To date, Ms. Ninivaggi has a received a refund from UD of only $184.42 despite the fact that in-person classes have not been held since March 11, 2020.

    9.    Defendant University of Delaware is a public university located in Newark, Delaware.

## VENUE

    10.    Venue is proper in this county because many of the acts and transactions giving rise to this action occurred in this District, and because Plaintiff is a resident of the state in which the District is located. Specifically, the contract that is the subject of this action was formed in this District.

    11.    The Commercial Division of the Supreme Court of the State of New York, Nassau County, is the proper venue for this action because this is a consumer class action, and the amount in controversy exceeds $200,000, exclusive of punitive damages, interest, costs, disbursements, and attorneys' fees.

## FACTUAL ALLEGATIONS

    12.    Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at UD.

13. Spring Semester 2020 classes at UD began on February 10, 2020. The final day of classes was scheduled for May 18, 2020 and final examinations were scheduled to end on May 28, 2020.

14. Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other mandatory fees associated with the Spring Semester 2020.

15. Approximate tuition costs at UD for the Spring 2020 Semester are as follows:

- Undergraduate Tuition (in-state): $6,365
- Undergraduate Tuition (out-of-state): $17,080
- Associate in Arts Program (in-state): $2,113
- Associate in Arts Program (out-of-state): $5,275

The tuition for various graduate programs run up to $1,898 per credit.

16. In addition to tuition, UD charges undergraduate and graduate student fees, including Student Health Service Fees, Comprehensive Student Fees, Student Center Fees, Differential Fees, Mandatory Full Time Fees, Sustaining Tuition Fees, Indirect Costs and others.

17. The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

18. On March 11, UD announced that it was suspending classes for the next two days in the run up to spring break and that the school would transition all instruction to online learning for the rest of the semester. Online learning was initially planned to begin on March 23, 2020, but was later pushed back to March 30, 2020.

19. Since March 11, 2020, UD has not held any in-person classes. Classes that have continued have only been offered in an online format, with no in-person instruction. Even

classes for students with concentrations in areas where in-person instruction is especially crucial have only had access to minimum online education options.

20. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless improperly retained funds for services it is not providing.

21. Plaintiff and members of the Class did not pay for attendance at an online institution of higher learning, but instead paid for attendance at Defendant's institution on an in-person basis.

22. Defendant markets the UD on-campus experience as a benefit of enrollment on its website:

## MAIN CAMPUS
### Newark

The Newark campus, called "absolutely the most gorgeous anywhere" in *The Princeton Review*, features a pleasing mix of elegant landscaping, classic Georgian architecture and modern, state-of-the-art teaching, research and performance spaces.



23. The online learning options being offered to UD students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

24. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at UD are higher than tuition and fees for online

7

institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;
- Access to facilities such as libraries, laboratories, computer labs, and study room;
- Student governance and student unions;
- Extra-curricular activities, groups, intramural sports, etc.;
- Student art, cultures, and other activities;
- Social development and independence;
- Hands on learning and experimentation;
- Networking and mentorship opportunities.

25. The fact that UD students paid a higher price for an in-person education than they would have paid for an online education is illustrated clearly by the vast price difference in UD's in-person, on-campus program and its online course offerings, sometimes for the exact same subject. For instance, UD charges $1,350 per credit for its in-person Accounting Practice graduate program, but only $900 per credit for the online version. Similarly, UD charges $1,898.00 per credit for its in-person Education Technology graduate program, and only $697.00 for the same program online. UD's International Business Master's Program costs $1,350 for in-person instruction and just $900 for online instruction.

26. Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online, and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of herself and the Class

as defined below.

## CLASS ALLEGATIONS

27. Plaintiff seeks to represent a class defined as all people who paid University of Delaware Spring Semester 2020 tuition and/or fees for in-person educational services that University of Delaware failed to provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

28. Plaintiff also seeks to represent a subclass consisting of Class members who reside in New York (the "Subclass").

29. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

30. **Numerosity.** The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

31. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

    (a) whether Defendant accepted money from Class members in exchange for the promise to provide services;

    (b) whether Defendant provided the services for which Class members contracted; and

    (c) whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

    (d) whether Defendant unlawfully converted money from Plaintiff, the Class; and

    (e) whether Defendant is liable to Plaintiff and the Class for unjust enrichment.

32. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

33. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

34. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of

individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

35. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class)

36. Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

37. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

38. Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class entered into a binding contract with Defendant.

39. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff and Class members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition. Tuition for Spring Semester 2020 was intended to cover in-person educational services from February through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

40. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above. Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

41. Plaintiff and members of the Class have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

42. As a direct and proximate result of Defendant's breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion

of any Spring Semester 2020 tuition and fees for education services not provided since UD was shut down on March 11, 2020.

43. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services they will not provide.

**COUNT II**
**Unjust Enrichment**
**(On Behalf Of The Class)**

44. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

46. Plaintiff and members of the Class conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises. Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

47. Defendant voluntarily accepted and retained this benefit by accepting payment.

48. Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances. Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UD shut down on March 11, 2020.

49. It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

### COUNT III
### Conversion
### (On Behalf Of The Class)

50. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

52. Plaintiff and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

53. Defendant intentionally interfered with the rights of Plaintiff and the Class when they moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

54. Plaintiff and members of the Class demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UD shut down on March 11, 2020.

55. Defendant's retention of the fees paid by Plaintiff and members of the Class without providing the educational services for which they paid, deprived Plaintiff, Class members of the benefits for which the tuition and fees paid.

56. This interference with the services for which Plaintiff and members of the Class paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

57. Plaintiff, Class members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since UD shut down on March 11, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class and Subclass pursuant to CPLR 901 and naming Plaintiff as representatives of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass;

(b) For an order finding in favor of Plaintiff and the Class and Sublcass on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues in this action so triable.

Dated: May 26, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: _/s/ Joshua D. Arisohn_
Joshua D. Arisohn

Joshua D. Arisohn
888 Seventh Avenue

New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: jarisohn@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(Pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| Joshua D. Arisohn, Esq.<br>BURSOR & FISHER, P.A.<br>888 Seventh Ave<br>New York, NY 10019<br>Telephone No: 646.837.7150 | |
| Attorney For: Plaintiff | Ref. No. or File No.: |

Insert name of Court, and Judicial District and Branch Court:
SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NASSAU: COMMERCIAL DIVISION

Plaintiff: PENNY NINIVAGGI, individually and on behalf of all others similarly situated
Defendant: UNIVERSITY OF DELAWARE

| AFFIDAVIT OF SERVICE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>604688/2020 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons, Class Action Complaint

3. a. Party served:    University of Delaware
   b. Person served:   Conner Grayhill, Authorized Mail Room Employee

4. Address where the party was served:   210 South College Ave, Newark, DE 19716

5. I served the party:
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon, Jun. 01, 2020 (2) at: 10:05 AM

7. Person Who Served Papers:
   a. John Garber
   b. FIRST LEGAL
      3600 Lime Street, Suite 626
      RIVERSIDE, CA 92501
   c. (888) 599-5039

I declare under penalty of perjury that the foregoing is true and correct.

6/2/2020
(Date)     (Signature)

8. STATE OF DELAWARE, COUNTY OF __New Castle__
   Subscribed and sworn to (or affirmed) before on this __2nd__ day of __June__, 2020 by John Garber
   proved to me on the basis of satisfactory evidence to be the person who appeared before me.

(Notary Signature)

AFFIDAVIT OF SERVICE

KORYN DOYLE
MY COMMISSION EXPIRES
MAR. 12, 2022
NOTARY PUBLIC
STATE OF DELAWARE

4560014
(329847)